Christian Contreras, Esq., (SBN 330269)
 *CC@Contreras-Law.com*
Edwin S. Salguero, Esq., (SBN 344820)
 *ES@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorneys for Plaintiff,
DOUGLAS CHESLIK

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CHESLIK, individually, | **CASE NO.: 23-cv-1052** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Failure to Provide Medical Care, Fourth Amendment Violation (42 U.S.C. § 1983); |
| MADERA COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF MADERA, a public entity; MADERA COUNTY DOE RN, individually; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, a public entity; SHERIFF TYSON J. POGUE; individual; DEPUTY K. BEHE, individually; CHP OFFICER EFRAIN JIMENEZ, individually; DOES 1 through 10, individually, | 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983); 3. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983); 4. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983); 5. Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983); 6. Negligence; 7. Negligence – Medical Malpractice; 8. Violation of California Government Code §845.6; 9. Violation of California Civil Code §52.1 (Tom Bane Act); |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1

## JURISDICTION AND VENUE

1.　　This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.　　This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

3.　　Venue is proper within the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

4.　　Plaintiff has complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

5.　　With respect to these supplemental state claims, Plaintiff request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

6.　　Plaintiff DOUGLAS CHESLIK is and was, at all times relevant hereto, a resident of the County of Madera, California.

7.　　Defendant COUNTY OF MADERA (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant MADERA COUNTY SHERIFF'S DEPARTMENT (hereinafter also "MSD")[1], also a separate public entity, which employed MADERA COUNTY SHERRIF'S DEPUTY K. BEHE badge # 32401 and other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies,

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

procedures, practices, and customs of its employees, including MSD employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through MSD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the MSD correctional facilities.

8.      Defendant COUNTY also owns, operates, manages, directs and controls Defendant medical staff within MADERA COUNTY Jails including DOE RN. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees, including DOE RN and COUNTY medical employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through MSD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the MSD correctional facilities

9.      Defendant COUNTY OF MADERA (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant MADERA COUNTY SHERIFF'S DEPARTMENT (hereinafter also "MSD"), also a separate public entity, which employed MADERA COUNTY SHERRIF'S DEPUTY K. BEHE badge # 32401 and other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees, including MSD employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, through MSD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the MSD correctional facilities.

10.      At all material times, Defendant STATE OF CALIFORNIA employed the individual CALIFORNIA HIGHWAY PATROL Defendants in this action, and all individual CALIFORNIA HIGHWAY PATROL Defendants acted within the course and scope of their employment with the STATE.

///

///

11.     Defendant CALIFORNIA HIGHWAY PATROL (hereinafter also "CHP")[2], also a separate public entity, which employed CHP OFFICER EFRAIN JIMENEZ Badge #18075 in this action. At all times relevant to the facts alleged herein, Defendant CHP was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including CHP officers complied with the laws and the Constitutions of the United States and of the State of California. Defendant CHP, through its CHP OFFICERS, is and was responsible for ensuring the protection and safety of all persons they made contact with.

12.     Defendant SHERIFF TYSON J. POGUES ("SHERIFF POGUE"), at all times mentioned herein, was the Sheriff of Defendant COUNTY OF MADERA, the highest position in the COUNTY Jails. As Sheriff, Defendant SHERIFF POGUE is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant SHERIFF POGUE is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant SHERIFF POGUE also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant SHERIFF POGUE is being sued in his individual and official capacities.

13.     At all relevant times, Defendants DEPUTY K. BEHE Badge # 32401 was a sheriff deputy employed with the Madera County Sheriff's Department. At all relevant times, Defendant DEPUTY K. BEHE, was acting under color of law.

14.     At all relevant times, CHP OFFICER EFRAIN JIMENEZ Badge #18075 was an officer employed with the California Highway Patrol. At all relevant times, Defendant CHP OFFICER EFRAIN JIMENEZ, was acting under color of law.

---

[2] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

15.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

16.     The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiff who therefore sue these defendants by fictitious names. Plaintiff is informed, believes, and thereupon alleges that DOES 1 through 10 include individual law enforcement personnel and medical personnel employed by the MSD and the COUNTY Correctional Health Services, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiff will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiff is informed, believes, and thereupon alleges that each DOE defendant is a resident of California. Upon information and belief, DOES 1 through10 were and still are residents of the COUNTY OF MADERA, California. DOES 1 through 10 are sued in both their individual and official capacities.

17.     At all relevant times, DOES 7 and 8 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY Correctional Health Services. At the time of the incident, DOES 7 and 8 were acting under color of law within the course and scope of their duties as employees for the COUNTY Correctional Health Services. They had supervisorial authority over DOES 1-10, and the COUNTY Correctional Health Services employees at the COUNTY Jails. DOES 7 and 8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

18.     At all relevant times, DOES 9 and 10 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY. At the time of the

1  incident, DOES 9 and 10 were acting under color of law within the course and scope of

2  their duties as employees for the MSD and/or the COUNTY. They had supervisorial

3  authority over DOES 1-10, and the employees of the MSD. DOES 9 and 10 were acting

4  with the complete authority and ratification of their principal, Defendant COUNTY.

5       19.    Each of the defendants, including the DOE defendants, caused, and is

6  responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff by,

7  among other things, personally participating in the unlawful conduct, acting jointly, or

8  conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting

9  in motion policies, plans, or actions that led to the unlawful conduct, by failing to take

10  action to prevent the unlawful conduct; by failing and refusing to initiate and maintain

11  adequate training and supervision; by failing to enact policies to address the

12  constitutional rights of protesters despite the obvious need for such a policy; and by

13  ratifying the unlawful conduct that occurred by agents and officers under their direction

14  and control, including failing to take remedial or disciplinary action.

15       20.    Plaintiff is informed and believes and thereon alleges that each of the

16  Defendants was at all material times an agent, servant, employee, partner, joint venturer,

17  co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

18  herein alleged, was acting within the course and scope of that relationship. Plaintiff is

19  further informed and believes and thereon alleges that each of the Defendants herein

20  gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or

21  authorized the acts or omissions of each Defendant as alleged herein, except as may be

22  hereinafter specifically alleged. At all material times, each Defendant was jointly

23  engaged in tortious activity and an integral participant in the conduct described herein,

24  resulting in the deprivation of Plaintiff's, DOUGLAS CHESLIK, constitutional rights

25  and other harm.

26       21.    Plaintiff is informed, believes, and thereupon alleges that, at all times

27  relevant hereto, Defendants, and each of them, acted as the agents, servants, and

28  employees of each of the other defendants.

22.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

23.    In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24.    On March 17, 2023, at approximately 7:30 a.m., DOUGLAS CHESLIK was involved in a head-on automobile collision. DOUGLAS CHESLIK took his eyes off the road and crashed as he tried to pick up coins that had fallen onto the right front floorboard. From the impact of the collision, DOUGLAS CHESLIK immediately woke up and realized he could not breathe. DOUGLAS CHESLIK had severe chest pain that felt like the inside of his chest was on fire, a sensation he never felt before.

25.    After climbing out of his wrecked vehicle through a broken window, DOUGLAS CHESLIK remained in a state of shock while he waited for help to arrive. As he waited for medical assistance, he rolled on the ground for about five (5) to six (6) minutes because he could not tolerate the pain.

26.    Eventually, Defendant CHP OFFICER EFRAIN JIMENEZ, arrived at the scene and made contact with DOUGLAS CHESLIK. However, Defendant CHP OFFICER EFRAIN JIMENEZ failed to provide immediate medical care for his serious internal injuries. In fact DOUGLAS CHESLIK was the last individual involved in the collision that was viewed by paramedics.

27.    Upon information and belief, upon arriving at the scene, rather than allowing DOUGLAS CHESLIK to proceed with medical care from paramedics, Defendant CHP OFFICER EFRAIN JIMENEZ disregarded his pleas and visible injuries and instead arrested him pursuant to a bench warrant for a failure to appear.

28.    Subsequently, Defendant CHP OFFICER EFRAIN JIMENEZ and paramedics began to assist others involved in the vehicle collision but still neglected DOUGLAS CHESLIK's need for medical care. Eventually, paramedics checked DOUGLAS CHESLIK's blood pressure and it was reported to DOUGLAS CHESLIK

1   that he has irregular his blood pressure. Even though DOUGLAS CHESLIK was
2   noticeably injured, DOUGLAS CHESLIK was placed in the back of an MSD patrol
3   vehicle and was not taken to the hospital despite his request and informing MSD that
4   he had severe chest pain.  Instead, an MSD deputy drove off with DOUGLAS
5   CHESLIK, parked a block away from the scene of the accident and paramedics pulled
6   up, but only to clean the blood off DOUGLAS CHESLIK before an MSD deputy took
7   him to Madera County Jail.

8        29.    When DOUGLAS CHESLIK arrived at Madera County Jail, DOE
9   REGISTERED NURSE took his vitals and informed him that something was wrong
10  with his blood pressure. DOE REGISTERED NURSE asked him if he was on
11  medications and DOUGLAS CHESLIK informed DOE REGISTERED NURSE that
12  he was just involved in a serious car accident, that he was having trouble breathing,
13  and that his chest felt like it was on fire. Upon information and belief, Defendant DOE
14  REGISTERED NURSE cleared Plaintiff DOUGLAS CHESLIK as ok to be booked
15  despite being in obvious need for medical care. Plaintiff DOUGLAS CHESLIK was
16  booked into COUNTY jail without being treated for his injuries.

17       30.    At all relevant times, DOUGLAS CHESLIK had ruptured and lacerated
18  his spleen as a result of the earlier collision and had been bleeding internally the entire
19  time he was taken into custody by CHP and held in MSD custody. DOUGLAS
20  CHESLIK had bled out over three (3) liters of blood into his abdominal cavity while
21  he waited approximately three (3) hours after the accident before receiving adequate
22  medical care, causing his blood pressure and core body temperature to drop
23  dangerously low, among other serious consequences, before he eventually lost
24  consciousness and collapsed while in custody at MADERA COUNTY JAIL on his way
25  to attempt to make a phone call to a family member.

26       31.    Thereafter, DOUGLAS CHESLIK was left to suffer from his injuries in a
27  jail cell. After DOUGLAS CHESLIK was in the jail for some time, he lost
28  consciousness. After losing consciousness, DOUGLAS CHESLIK woke up in a pool

of his own blood because he sustained a large 1.5-inch gash on his head, requiring multiple stitches. Paramedics report that, upon their arrival at MADERA COUNTY JAIL, the pool of blood that resulted from DOUGLAS CHESLIK's head wound had already dried, indicating the passage of appreciable time before they had been called.

32.    Moreover, DOUGLAS CHESLIK was left by MSD personnel to shiver in a cell while enduring increasingly excruciating pain from his internal injuries and a dangerously low body temperature, without the use of his shoes, the heating pad provided to him by paramedics or any other such medical accommodations, despite repeatedly verbalizing the need for medical attention, all amid hostile treatment and mockery by MSD personnel.

33.    Subsequently, DOUGLAS CHESLIK was transported from MADERA COUNTY JAIL via ambulance to Fresno Community Hospital in a grave condition that required immediate and extensive surgery, for which he now faces many more months of recovery. Hospital staff report that DOUGLAS CHESLIK's injuries could have been resolved laparoscopically and with minimal recovery if his injuries had been addressed sooner. Notably, Deputy Laura Gray, a friend of the CHESLIKS' who, at the time, worked at the facility where DOUGLAS CHESLIK was held, reports that the staff at MADERA COUNTY JAIL were told that CHESLIK was brought in for domestic violence. Upon information and belief, these misrepresentations are what stirred the egregious animus shown by MSD personnel towards the CHESLIKS.

34.    After DOUGLAS CHESLIK was transported via ambulance to Fresno Community Hospital he went into surgery approximately five (5) minutes after arriving due to the severity of his internal bleeding. DOUGLAS CHESLIK was then informed that he had a broken toe, lacerated and ruptured his spleen, his intestinal wall of the large intestine was perforated, lost three (3) liters of blood internally, and required an immediate blood transfusion to save his life.

35.    Accordingly, this legal action intends to hold the STATE, CHP, COUNTY OF MADERA, and its MSD accountable for the extensive physical injuries,

**COMPLAINT FOR DAMAGES**

1  economic harm, and other rights violations set forth herein, in order to rectify and
2  prevent such further injustices.

3                        **FIRST CLAIM FOR RELIEF**
4                        **Failure to Provide Medical Care,**
5  **Violation of the Fourth Amendment to the United States Constitution**
6  **(By Plaintiff DOUGLAS CHESLIK As Against CHP OFFICER EFRAIN**
7                       **JIMENEZ and DOES 1 through 5)**

8         36.    Plaintiff reallege and incorporate herein by reference each of the
9  preceding paragraphs of this complaint, and any subsequent paragraphs.

10        37.    Claims for the denial of medical assistance after an arrest are analyzed
11 under the Fourth Amendment. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090,
12 1098 (9th Cir. 2006). Officers must provide objectively reasonable post-arrest care to
13 an apprehended suspect. *Id.* "Due process requires that police officers seek the
14 necessary medical attention for a detainee when he or she has been injured while being
15 apprehended by either promptly summoning the necessary medical help or by taking
16 the injured detainee to a hospital." *Tatum v. City and County of San Francisco* (9th Cir.
17 2006) 441 F.3d 1090, 1099 (citing *Graham v. Connor,* 409 U.S. 386 (1989). 441 F.3d
18 at 1098).

19        38.    Upon information and belief, on March 17, 2023, after it was clear that
20 DOUGLAS CHESLIK needed medical care, Defendant CHP OFFICER EFRAIN
21 JIMENEZ and  DOES 1-5, inclusive, did not allow DOUGLAS CHESLIK to get the
22 proper medical care he required and instead parked down the road from the initial
23 collision, waited for paramedics, and only allowed paramedics to clean the blood of
24 DOUGLAS CHESLIK.

25        39.    In compliance with his obligations under the Fourth Amendment and
26 given that DOUGLAS CHESLIK was a in post-arrest custody, Defendant CHP
27 OFFICER EFRAIN JIMENEZ should have provided objectively reasonable post-arrest
28 care. However, no reasonable care was provided to DOUGLAS CHESLIK.

40.     Worse yet, DOUGLAS CHESLIK was bleeding internally which placed his life at risk. However, despite DOUGLAS CHESLIK's medical needs, CHP OFFICER EFRAIN JIMENEZ and DOES 1-5, inclusive, failed to allow DOUGLAS CHESLIK to receive proper medical care in violation of the Fourth Amendment.

41.     Therefore, CHP OFFICER EFRAIN JIMENEZ and Defendants DOES 1-5, inclusive, caused the severity of DOUGLAS CHESLIK's injuries to worsen as he continued to bleed over three (3) liters of blood internally. COUNTY Defendants DOES 1-5, inclusive, were aware that DOUGLAS CHESLIK had just been in a severe car accident and that something was wrong with his blood pressure. Accordingly, CHP OFFICER EFRAIN JIMENEZ and Defendants DOES 1-5, inclusive, are liable for all damages recoverable under 42 U.S.C. Section 1983.

42.     DOUGLAS CHESLIK by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

43.     The conduct of CHP Defendants DOES 1-5 and COUNTY Defendants DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DOUGLAS CHESLIK and therefore warrants the imposition of exemplary and punitive damages as to CHP Defendants DOES 1-5 and COUNTY Defendants, inclusive.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Medical Care,

### Violation of the Fourteenth Amendment to the United States Constitution

### (By Plaintiff DOUGLAS CHESLIK As Against Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10)

44.     Plaintiff reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

45.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving DOUGLAS

CHESLIK of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: the right to be free from deliberate indifference to DOUGLAS CHESLIK's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and Fourteenth Amendments.

46.    Indeed, it was clear as soon as DOUGLAS CHESLIK was taken into custody that he needed medical care. DOUGLAS CHESLIK had just been in a serious car accident, informed Defendants that his chest felt like it was on fire, that his foot hurt because of his broken toe, and that something was wrong with his blood pressure. However, despite DOUGLAS CHESLIK's need for medical care, Defendants DOES 1 through 10, failed to provide DOUGLAS CHESLIK with any medical care. Worse yet, even after being screened when booked and determined something was wrong with his blood pressure, Defendants DOES 1 through 10, were further deliberately indifferent to DOUGLAS CHESLIK's medical needs as he continued to bleed internally due to the severity of his injuries.

47.    Finally, about three (3) hours after being under Defendant's custody, DOUGLAS CHESLIK collapsed due to the internal bleeding he was suffering and further injured himself as his head bounced off the concrete floor and lacerated his head. DOUGLAS CHESLIK was found unconscious in a pool of his own blood by Defendants DOES 1 through 10, because they ignored  DOUGLAS CHESLIK's medical needs.

48.    Upon information and belief, Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10, denied Plaintiff medical care when they encountered him. The denial of medical care to DOUGLAS CHESLIK placed DOUGLAS CHESLIK at substantial risk of suffering serious harm given that his medical needs were not being attended to.

49.    Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10, did not take reasonable available measures to abate or reduce the

**COMPLAINT FOR DAMAGES**

1  risk of serious harm, even though any reasonable person under the circumstances would

2  have understood the high degree of risk involved—making the consequences of the

3  Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through

4  10's conduct obvious. By not taking such measures the Defendants DOE

5  REGISTERED NURSE, DOE DEPUTY and DOES 1 through 10's t caused the

6  DOUGLAS CHESLIK's injuries.

7    50.    By the actions and omissions described above, Defendants DOES 1

8  through 10, as alleged herein, including but not limited to their failure to provide

9  DOUGLAS CHESLIK with appropriate emergency medical care, along with the acts

10 and/or omissions of Defendants in failing to train, supervise, and/or promulgate

11 appropriate policies and procedures to provide emergency medical care and life saving

12 care to persons in their custody, constituted deliberate indifference to DOUGLAS

13 CHESLIK's serious medical needs, health, and safety.

14   51.    As a direct and proximate result of Defendants' conduct, the civil rights

15 of DOUGLAS CHESLIK, as protected by the Fourteenth Amendment of the United

16 States Constitution were violated. Further, DOUGLAS CHESLIK experienced

17 physical pain, severe emotional distress, mental anguish, and other damages alleged

18 herein.

19   52.    Defendants subjected DOUGLAS CHESLIK to their wrongful conduct,

20 depriving Plaintiff of his rights described herein, knowingly, maliciously, and with

21 conscious and reckless disregard for whether the rights and safety of Plaintiff and

22 others would be violated by their acts and/or omissions.

23   53.    As a direct and proximate result of Defendants' acts and/or omissions as

24 set forth above, Plaintiff sustained injuries and damages.

25   54.    The conduct of Defendants entitles Plaintiff to punitive damages and

26 penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not

27 seek punitive damages against Defendants COUNTY or MSD.

28 ///

55.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

### THRID CLAIM FOR RELIEF

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(By Plaintiff DOUGLAS CHESLIK As Against Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10)**

56.     Plaintiff reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

57.     On March 17, 2023, Defendants DOE REGISTERED NURSE and DEPUTY K. BEHE and DOES 1 through 10, made the intentional decision of regarding the condition under which Plaintiff DOUGLAS CHESLIK was confined. Indeed, Defendants DOE REGISTERED NURSE and DEPUTY K. BEHE, and DOES 1 through 10, made the intentional decision of confining Plaintiff DOUGLAS CHESLIK in jail instead of sending him to a hospital or other appropriate medical facility.

58.     Placing Plaintiff DOUGLAS CHESLIK in jail instead of a medical facility put Plaintiff DOUGLAS CHESLIK at substantial risk of suffering serious harm because Plaintiff DOUGLAS CHESLIK's medical emergency was not being attended to.

59.     Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10, did not take reasonably available measures to abate or reduce the risk Plaintiff DOUGLAS CHESLIK was subject to, even though a reasonable person in the circumstances would have appreciated the high degree of risk involved making the consequences of the Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10,'s conduct obvious. Clearly, the conduct of Defendants DOE REGISTERED NURSE,  DEPUTY K. BEHE, and DOES 1 through 10's was objectively unreasonable because any reasonable person would have given emergency

medical treatment to Plaintiff DOUGLAS CHESLIK.

60.    Therefore, by not taking such measures, such as taking Plaintiff DOUGLAS CHESLIK to a medical facility for emergency treatment,   Defendants DOE REGISTERED NURSE, DEPUTY K. BEHE, and DOES 1 through 10's caused Plaintiff DOUGLAS CHESLIK's injuries.

61.    Moreover, Defendants DEPUTY and DOES 1 through 10, are labile under a failure to protect from harm theory because Defendants DEPUTY, including DEPUTY K. BEHE,  and DOES 1 through 10, failed to conduct timely Title 15 Safety Checks such that Defendants DEPUTY, DEPUTY K. BEHE and DOES 1 through 10, would have discovered Plaintiff DOUGLAS CHESLIK in a pool of blood in the midst of a serious medical emergency sooner rather than later. If Defendants DEPUTY and DOES 1 through 10, would have conducted proper Title 15 Safety Checks, Plaintiff DOUGLAS CHESLIK would have received timely medical care. Instead, Plaintiff DOUGLAS CHESLIK suffered immense harm and pain while he was left to die in his cell.

62.    Furthermore, Defendants COUNTY, MSD and DOES 1 through 10 were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm to a detainee in DOUGLAS CHESLIK's position.

63.    Each Defendant could have taken action to prevent unnecessary harm to DOUGLAS CHESLIK but refused or failed to do so.

64.    By policy, procedure, and practice, Defendants COUNTY, MSD and DOES 1 through 10 deliberately disregarded the hazards and risks posed to persons incarcerated in MSD-controlled facilities, as alleged above. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing  DOUGLAS CHESLIK at an MSD-controlled Facility.

65.    Defendants DOES  8 through 10 also knew that deputies routinely failed to conduct required welfare and safety checks at MSD COUNTY JAIL and failed to take sufficient actions to correct this problem and ensure that necessary checks were

performed.

66.    Defendant SHERIFF POGUE failed to take corrective action, discipline, or remove the command staff at the COUNTY Jails, including Madera County Jail, who, upon information and belief, directed the deputies to falsify safety check logs and violate the COUNTY's safety check policies. Defendant SHERIFF POGUE ratified their actions, and the practices used under his watch.

67.    Defendants COUNTY, MSD and DOES 1 through 10 were on notice that their policies, procedures, and practices for monitoring inmates at the COUNTY Jails, including Madera County Jail, were inadequate and gave rise to a substantial risk of serious harm.

68.    Defendants including SHERIFF POGUE, and DOES 8 through 10 failed to properly train and supervise MSD custody, medical and mental health staff regarding policies, procedures, and practices necessary for the protection of inmates from risks and hazards existing within the COUNTY Jails, including Madera County Jail.

69.    Defendants including SHERIFF POGUE, and DOES 8 through 10's failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

70.    Defendants SHERIFF POGUE, and DOES 8 through 10 ratified Defendants DOES's actions and inactions amounting to constitutional violations.

71.    Defendants DOES 1 through 10's failure to conduct the required safety check of DOUGLAS CHESLIK's housing unit on the date of his injuries evidences deliberate indifference to the risk of harm to DOUGLAS CHESLIK.

72.    Upon information and belief, Defendants SHERIFF POGUE, and DOES 8 through 10 ratified Defendants DOES's failure to conduct safety checks and falsification of logs.

73.    As a direct and proximate result of Defendants' conduct, the civil right of DOUGLAS CHESLIK, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, DOUGLAS CHESLIK experienced

physical pain, severe emotional distress, mental anguish, and other damages alleged herein.

74. Defendants subjected DOUGLAS CHESLIK to their wrongful conduct, depriving him of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of DOUGLAS CHESLIK and others would be violated by their acts and/or omissions.

75. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.

76. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

77. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FOURTH CLAIM FOR RELIEF

**Municipal Policies, Customs, Practices Causing Constitutional Violations**

**(*Monell* - 42 U.S.C. § 1983)**

**(By Plaintiff DOUGLAS CHESLIK As Against Defendants COUNTY OF MADERA and MADERA COUNTY SHERIFF'S DEPARTMENT)**

78. Plaintiff reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

79. At all times relevant hereto, the COUNTY custody, medical and mental health staff were required to adhere to and enforce the following policy and procedures:

　　a.　To allow improper screenings during the intake process such that inmates needing emergency medical care are cleared to be booked;

　　b.　To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

c.    To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of the Madera County's written policies and state law;

d.    To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

e.    To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

f.    To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

g.    To fail to train custody staff that medical staff, including licensed vocational nurses, are not competent to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

h.    To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

i.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

j.    To cover up violations of constitutional rights by any or all of the following:

       i.    By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at

the jail;

    ii.    By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

    iii.    By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into the Madera County jails; and

    iv.    By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

k.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, MSD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the MSD or medical staff does not provide adverse information against a fellow officer, or member of the MSD or the medical staff;

l.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as , and in the face of an obvious need for such policies, procedures, and training programs.

80.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other officers employed by or acting on behalf of the COUNTY and MSD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the MSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for

the COUNTY and MSD, including SHERIFF POGUE:

    a.    To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

    b.    To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

    c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

    d.    To cover up violations of constitutional rights by any or all of the following:

        i.    By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

        ii.    By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

        iii.    By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

    e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

    f.    To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the COUNTY jails whereby custodial and medical personnel does not provide adverse information against a fellow

**COMPLAINT FOR DAMAGES**

staffer;

g.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as , and in the face of an obvious need for such policies, procedures, and training programs.

81.    Defendants COUNTY and MSD, through their employees and agents, and through their policy-making supervisors, SHERIFF POGUE and DOES 8 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1 through 10, and other COUNTY and MSD personnel, with deliberate indifference to the constitutional rights of  DOUGLAS CHESLIK, Plaintiff and others in similar positions, as described above, and therefore, those rights thereby violated.

82.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other MSD custody and medical staff,  as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and MSD,  including Defendants SHERIFF POGUE and DOES 8 through 10. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the COUNTY and MSD, and that such policymakers have direct knowledge of the fact that the injuries DOUGLAS CHESLIK sustained while in MSD custody were the result of deliberate indifference to his rights to be protected and safe while in the custody of the COUNTY/MSD, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and MSD have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the injuries sustained by DOUGLAS CHESLIK while in MSD

custody. By so doing, the authorized policymakers within the COUNTY and MSD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants SHERIFF POGUE and DOES 8 through 10, and other policy-making officers for the COUNTY and MSD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and MSD.

83.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and MSD were a moving force and/or a proximate cause of the deprivations of DOUGLAS CHESLIK's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected  DOUGLAS CHESLIK to their wrongful conduct, depriving DOUGLAS CHESLIK of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of  DOUGLAS CHESLIK and others would be violated by their acts and/or omissions.

84.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and MSD, as described above,  DOUGLAS CHESLIK suffered serious injuries and is entitled to damages, penalties, costs, and attorneys' fees against Defendants COUNTY and MSD.

## FIFTH CLAIM FOR RELIEF

**Supervisory Liability Causing Constitutional Violations,**

**(Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983)**

**(By Plaintiff DOUGLAS CHESLIK As Against Defendants SHERIFF POGUE, and DOES 7 through 10)**

85.    Plaintiff reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

86.    At all material times, SHERIFF POGUE and DOES 8 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and MSD.

87.    Defendants SHERIFF POGUE, and DOES 8 through 10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOES 1 through 10, and other COUNTY and MSD personnel, with deliberate indifference to DOUGLAS CHESLIK's, and others' constitutional rights, which were thereby violated as described above.

88.    As supervisors, SHERIFF POGUE, and DOES 8 through 10 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protections while detained at Madera County Jail and the rights to the serious medical and mental health needs of DOUGLAS CHESLIK. Supervising Defendants either directed his or her subordinates in conduct that violated 's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive DOUGLAS CHESLIK of rights, or knew his or her subordinates were engaging in acts likely to deprive DOUGLAS CHESLIK of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate DOUGLAS CHESLIK's rights, and in fact did cause the violation of DOUGLAS CHESLIK's rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising

1  Defendants is liable in their failures to intervene in their subordinates' apparent

2  violations of DOUGLAS CHESLIK's rights.

3      89.    The unconstitutional customs, policies, practices, and/or procedures of

4  Defendants COUNTY and MSD, as stated herein, were directed, encouraged, allowed,

5  and/or ratified by policymaking officers for Defendants COUNTY and MSD, including

6  Defendants SHERIFF POGUE, and DOES 8 through 10, respectively, with deliberate

7  indifference to Plaintiff's and others' constitutional rights, which were thereby violated

8  as described above.

9      90.    The unconstitutional actions and/or omissions of Defendants DOES 1

10 through 10, and other COUNTY and MSD personnel, as described above, were

11 approved, tolerated, and/or ratified by policymaking officers for the COUNTY and

12 MSD, including Defendants SHERIFF POGUE, and DOES 8 through 10.

13     91.    Plaintiff is informed and believes and thereon alleges that the details of

14 this incident have been revealed to Defendants SHERIFF POGUE,  and DOES 8

15 through 10 and that such Defendant-policymakers have direct knowledge of the fact

16 that the injuries DOUGLAS CHESLIK sustained while in MSD custody were not

17 justified or necessary, but represented deliberate indifference to his rights to be

18 protected and safe while in the COUNTY's custody and his rights to his serious medical

19 and mental health needs, as set forth above. Notwithstanding this knowledge, on

20 information and belief, Defendants SHERIFF POGUE and DOES 8 through 10 have

21 approved and ratified of the conduct and decisions of Defendants DOES 1 through 10

22 in this matter, and have made a deliberate choice to endorse such conduct and decisions,

23 and the basis for them, that resulted in the injuries DOUGLAS CHESLIK sustained

24 while in MSD custody. By so doing, Defendants SHERIFF POGUE and DOES 8

25 through 10 have shown affirmative agreement with the individual Defendants' actions

26 and have ratified the unconstitutional acts of the individual Defendants.

27     92.    Furthermore, Plaintiff is informed and believes, and thereupon alleges,

28 that Defendants SHERIFF POGUE, and DOES 8 through 10 and other policymaking

officers for the COUNTY and MSD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and MSD custody, medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and MSD.

93.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants SHERIFF POGUE, and DOES 8 through 10 were a moving force and/or a proximate cause of the deprivations of DOUGLAS CHESLIK's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

94.    Defendants subjected DOUGLAS CHESLIK to their wrongful conduct, depriving  DOUGLAS CHESLIK of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of DOUGLAS CHESLIK and others would be violated by their acts and/or omissions.

95.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants SHERIFF POGUE, and DOES 8 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (By Plaintiff DOUGLAS CHESLIK As Against All Defendants)

96.    Plaintiff reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

97.    This action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Under §§ 820 of the Government Code, as public employees, Defendants OFFICER EFRAIN JIMENEZ, DEPUTY K. BEHE, DOE REGISTERED

NURSE and DOES 1 through 10, inclusive, and each of them, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under §§ 815.2 of the Government Code, Defendants MSD, COUNTY, STATE and CHP are vicariously liable for the acts and omissions of its employees committed within the course and scope of their employment.

98.    At all times, Defendants OFFICER EFRAIN JIMENEZ, DEPUTY K. BEHE, DOE REGISTERED NURSE and DOES 1 through 10, inclusive owed Plaintiff DOUGLAS CHESLIK the duty to act with due care in the execution and enforcement of any right, law, or legal obligation, and to furnish appropriate medical treatment and or accommodations as needed. Defendants, and each of them, owed these duties of care to DOUGLAS CHESLIK by virtue of his arrest and confinement in MADERA COUNTY JAIL.

99.    Furthermore, the duties of reasonable care and medical accommodation owed to DOUGLAS CHESLIK by Defendants, and each of them, include but are not limited to the following specific obligations:

a.   To provide proper post arrest care;

b.   To properly provide proper care for individuals under their custody;

c.   To provide safety checks under Title 15;

d.   To provide for the medical needs in jail custody for individuals such as DOUGLAS CHESLIK;

e.   To provide proper housing for individuals such as DOUGLAS CHESLIK;

f.   To tend to the mental health needs of individuals such as DOUGLAS CHESLIK;

g.   To summon necessary and appropriate medical care for DOUGLAS CHESLIK;

h.   To use generally accepted law enforcement procedures that are reasonable and appropriate for DOUGLAS CHESLIK's status;

i.   To refrain from abusing their authority granted them by law;

**COMPLAINT FOR DAMAGES**

1      j.   To refrain from violating Plaintiff's rights guaranteed by the United States
2         and California Constitutions, as set forth herein, and as otherwise
3         protected by law.

4     100.   Defendants, and each of them, failed to exercise ordinary care in their
5  failures of duty as detailed in the preceding paragraph, thereby proximately and
6  foreseeably causing DOUGLAS CHESLIK's injuries.

7     101.   Defendants, and each of them, further breached their duty of care and
8  failed to exercise ordinary care in the failure to ensure DOUGLAS CHESLIK received
9  the proper care.

10     102.   Defendants, through their acts and omissions, breached each and every
11  one of the aforementioned duties owed to Plaintiff.

12     103.   As a direct and proximate result of Defendants' breaches of duty,
13  DOUGLAS CHESLIK suffered significant medical injuries and experienced immense
14  pain and suffering.

15             **SEVENT CLAIM FOR RELIEF**

16             **Negligence – Medical Malpractice**

17    **(By Plaintiff DOUGLAS CHESLIK As Against All Defendant DOE**
18        **REGISTERED NURSE and DOES 1 THROUGH 10)**

19     104.   Plaintiff reallege and incorporate herein by reference each of the
20  preceding paragraphs of this complaint, and any subsequent paragraphs.

21     105.   DOUGLAS CHESLIK was under the care and treatment of Defendants
22  DOE REGISTERED NURSE and DOES 1 through 10, all of whom were COUNTY
23  medical staff assigned to the COUNTY Jails, including MADERA COUNTY JAIL,
24  who were required to examine, treat, monitor, prescribe for and care for him and to
25  provide him with medical attention when he suffered a medical emergency.

26     106.   These Defendants, acting within the scope and course of their employment
27  with Defendants COUNTY and MSD, negligently, carelessly and unskillfully cared
28  for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed

to classify, failed to appropriately diagnose and/or refer DOUGLAS CHESLIK to specialist medical care providers; negligently failed to provide physician care; negligently failed to provide psychiatry care; carelessly failed to detect, monitor, and follow-up with his condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent pre-trial detainee DOUGLAS CHESLIK.

107.   Defendant supervisors and each of them failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing, to timely provide  DOUGLAS CHESLIK emergency medical and mental health care, failed to provide adequate and competent staffing, and to ensure the care and treatment ordered for  DOUGLAS CHESLIK was provided.

108.   As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiff sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages and as applicable to this claim for Medical Negligence, to be proven at time of trial.

109.   Defendants COUNTY and MSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

## EIGHTH CLAIM FOR RELIEF

### Violation of California Government Code § 845.6

### (By Plaintiff DOUGLAS CHESLIK As Against All Defendants Save STATE, CHP and CHP OFFICER EFRAIN JIMENEZ)

110.   Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

111.   This claim for relief is bring brought pursuant to Government Code § 845.6. This action is also brought pursuant to §§ 820 and 815.2 of the California Government Code. Under §§ 820 of the Government Code, as public employees,

Defendants DEPUTY K. BEHE, DOE REGISTERED NURSE and DOES 1 through 10, inclusive, and each of them, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under §§ 815.2 and 845.6 of the Government Code, Defendants MSD and COUNTY are vicariously liable for the acts and omissions of its employees committed within the course and scope of their employment.

112.   When DOUGLAS CHESLIK was in MADERA COUNTY JAIL, Defendants DEPUTY K. BEHE, DOE REGISTERED NURSE, and DOES 1 through 10, knew or should have known that DOUGLAS CHESLIK was in need of immediate medical care and treatment, and each failed to take reasonable action to summon immediate medical care and treatment to DOUGLAS CHESLIK. Defendants were aware that DOUGLAS CHESLIK had just been in a serious care accident, was complaining about chest pains, and that something was wrong with his blood pressure.

113.   Indeed, when DOUGLAS CHESLIK was evaluated by Defendant DOE REGISTERED NURSE and DOES 1 through 10, it was clear that DOUGLAS CHESLIK needed emergency medical treatment, yet, Defendants failed to provide immediate treatment to DOUGLAS CHESLIK and simply booked him into jail.

114.   Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendants COUNTY and MSD, knowing and/or having reason to know of DOUGLAS CHESLIK's need for immediate medical care and treatment, failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6.

115.   Defendants COUNTY and MSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

116.   As a direct and proximate result of the aforementioned acts of these Defendants,  DOUGLAS CHESLIK was injured as set forth above, and their losses entitle Plaintiff to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney

1  fees under California law, including punitive damages against these individual
2  Defendants.

3  **NINTH CLAIM FOR RELIEF**

4  **Violation of California Civil Code §52.1 (Tom Bane Act)**

5  **(By Plaintiff DOUGLAS CHESLIK As Against All Defendants)**

6  117.  Plaintiff reallege and incorporate herein by reference each of the
7  preceding paragraphs of this complaint, and any subsequent paragraphs.

8  118.  By their acts, omissions, customs, and policies, Defendants, each acting
9  in concert/conspiracy, as described above, while   DOUGLAS CHESLIK was in
10 custody, and by threat, intimidation, and/or coercion, interfered with, attempted to
11 interfere with, and violated DOUGLAS CHESLIK's rights under California Civil Code
12 § 52.1 and under the United States Constitution and California Constitution as follows:

13   a. The right to be free from objectively unreasonable treatment and
14      deliberate indifference to 's serious medical needs while in custody as a
15      pretrial detainee as secured by the Fourth and/or Fourteenth Amendments
16      to the United States Constitution and by California Constitution, Article
17      1, §§ 7 and 13;

18   b. The right for the familial association to be free from government
19      interference as secured by the Fourteenth Amendments to the United
20      States Constitution;

21   c. The right to enjoy and defend life and liberty; acquire, possess, and protect
22      property; and pursue and obtain safety, happiness, and privacy, as secured
23      by the California Constitution, Article 1, § 1; and

24   d. The right to emergency medical and mental health care as required by
25      California Government Code §845.6.

26  119.  Defendants' violations of DOUGLAS CHESLIK's due process rights
27 with deliberate indifference, in and of themselves constitute violations of the Bane Act.
28 Alternatively, separate from, and above and beyond, Defendants' attempted

interference, interference with, and violation of DOUGLAS CHESLIK's rights as described above, Defendants violated DOUGLAS CHESLIK's rights by the following conduct constituting threat, intimidation, or coercion:

    a. With deliberate indifference to DOUGLAS CHESLIK's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving of necessary, life-saving care for his medical needs;

    b. With deliberate indifference to hazards that posed a risk to pretrial detainees, such as ;

    c. Subjecting  to ongoing violations of his rights to prompt care for his serious medical and mental health needs over days, causing immense and needless suffering, intimidation, coercion, and threats to his life and well-being;

    d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to Madera County jail detainees and inmates;

    e. Requiring medical and mental health staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Plaintiff, they are not competent to make; and

    f. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Plaintiff would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Plaintiff was here.

120. The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of  DOUGLAS CHESLIK's rights, or to any legitimate and lawful jail or law enforcement activity.

///

**COMPLAINT FOR DAMAGES**

121.   Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

122.   Further, each Defendant violated  DOUGLAS CHESLIK's rights reckless disregard and with the specific intent and purpose to deprive him of his enjoyment of those rights and of the interests protected by those rights.

123.   Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

124.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of DOUGLAS CHESLIK's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as follows:

A.    Violation of DOUGLAS CHESLIK's constitutional rights, pursuant to state law and federal civil rights law;

B.    DOUGLAS CHESLIK's pain, suffering, and disfigurement, pursuant to state and federal civil rights law;

C.    General Damages; according to proof plus all further and proper relief

D.    Non-Economic Damages, according to proof plus all further and proper relief;

E.    Punitive damages as to individual peace officer defendants;

F.    Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

**COMPLAINT FOR DAMAGES**

G.    A multiplier of damages and penalties under the Tom Bane Act;

H.    Interest; and

I.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ and 1021.5; California Civil Code §§ 52 *et. seq.*, 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: December 21, 2023          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                  **A PROFESSIONAL LAW CORPORATION**


By: _____
                                  Christian Contreras, Esq.
                                  Edwin S. Salguero, Esq.
                                  Attorneys for Plaintiff,
                                  DOUGLAS CHESLIK


## DEMAND FOR JURY TRIAL

Plaintiff, DOUGLAS CHESLIK, hereby makes a demand for a jury trial in this action.

Dated: December 21, 2023          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                  **A PROFESSIONAL LAW CORPORATION**


By: _____
                                  Christian Contreras, Esq.
                                  Edwin S. Salguero, Esq.
                                  Attorneys for Plaintiff,
                                  DOUGLAS CHESLIK

**COMPLAINT FOR DAMAGES**