UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CHESLIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF MADERA, a public entity; MADERA COUNTY DOE RN, individually; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, a public entity; SHERIFF TYSON J. POGUE; individually; DEPUTY K. BEHE, individually; CHP OFFICER EFRAIN JIMENEZ, individually; and DOES 1 through 10, individually,<br><br>　　　　Defendants. | Case No.: 1:23-cv-01754 JLT BAM<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS<br><br>(Doc. 43) |

Douglas Cheslik alleges that Defendants failed to provide and/or prevented him from receiving medical care after he was involved in a vehicle collision in the County of Madera, California, which left him with severe chest pain and other internal injuries. (*See generally* First Amended Complaint, Doc. 5.) Plaintiff asserts claims against the County of Madera, Madera County Sheriff's Department, Madera County "Doe" Registered Nurse, Madera County Sheriff Tyson Pogue, and Madera County Sheriff's Deputy K. Behe ("County Defendants"), as well as the State of California, the California Highway Patrol, and CHP Officer Efrain Jimenez ("State Defendants"). (*Id.*) Plaintiff seeks to hold Defendants liable for, *inter alia*, violations of state law and deprivation of Plaintiff's constitutional

1

rights. (*Id.*)[1]

On March 31, 2025, the Court granted the State Defendants' motion to dismiss the first, second, and third causes of action of the FAC under 41 U.S.C. § 1983; and Plaintiff's eleventh cause of action for violation of the Bane Act (Cal. Civ. Code § 52.1). (Doc. 28.) The Court granted Plaintiff leave to amend the dismissed causes of action as to Officer Jimenez only. (*See id.* at 17.) On April 29, 2025, Plaintiff notified the Court that he would not be filing an amended complaint. (Doc. 29.)

The State of California, acting by and through the CHP,[2] now seeks dismissal of Plaintiff's eighth cause of action for negligence; the sole remaining claim asserted against the CHP. (Doc. 43.)[3] On August 14, 2025, Plaintiff filed a notice of non-opposition to the motion. (Doc. 44.) For this reason, and those set forth below, Defendants' motion is **GRANTED without leave to amend**.

**I.      Legal Standard**

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

**II.     Discussion and Analysis**

Defendants assert that Plaintiff's negligence claim against the CHP is barred pursuant to the State of California's sovereign immunity. (Doc. 43 at 5.) They seek dismissal accordingly, which Plaintiff does not oppose. (*See* Doc. 44.)

Indeed, the State of California has not waived its Eleventh Amendment immunity with respect

---

[1] The Court incorporates by reference the factual background as set forth in its prior order granting the State Defendants' motion to dismiss. (*See* Doc. 28 at 2-3.)
[2] The FAC names the State of California and the CHP as defendants to this action. (*See* Doc. 5.) Under this assumption, the Court's ruling applies equally to both defendants.
[3] In the alternative, Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

to state law claims for negligence. *See Hampton v. Espinosa*, 2025 WL 819560, at *3 (C.D. Cal. Jan. 16, 2025) ("[W]hile California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not extend to suit in federal court."). Therefore, as an agency of the state, the CHP is also entitled to sovereign immunity under the Eleventh Amendment. *See id.*; *see also Gonzalez v. California Highway Patrol*, 2021 WL 3287717, at *4 (E.D. Cal. Aug. 2, 2021) ("[I]t is clear that the CHP is an arm of the state of California and is therefore protected by sovereign immunity.") (collecting cases); *Macy v. California Highway Patrol*, 2024 WL 3051167, at *11 (C.D. Cal. June 4, 2024), *report and recommendation adopted sub nom. Macy v. California Highway Patrol Running Springs*, 2024 WL 3183214 (C.D. Cal. June 25, 2024) ("As for Plaintiff's state law claims against the CHP, those are also barred by the Eleventh Amendment."); *Est. of Elkins v. California Highway Patrol*, 2013 WL 6072010, at *2 (E.D. Cal. Nov. 18, 2013), *report and recommendation adopted sub nom. Est. of Cecil Elkins, Jr. v. California Highway Patrol*, 2013 WL 6687291 (E.D. Cal. Dec. 18, 2013) ("CHP is a state agency entitled to Eleventh Amendment immunity") (collecting cases). Therefore, Plaintiff's eighth cause of action is dismissed insofar as it seeks to hold the State of California and/or the CHP liable for negligence under state law.

### III.    Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion to dismiss (Doc. 43) is **GRANTED** as unopposed.
2. Plaintiff's eighth cause of action for negligence is **DISMISSED without leave to amend** as to the State of California and the California Highway Patrol only.
3. The Clerk's Office is directed to **TERMINATE** the State of California and the California Highway Patrol as Defendants to this action.

IT IS SO ORDERED.

Dated:   **August 19, 2025**

_____
UNITED STATES DISTRICT JUDGE

3