UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS CHESLIK,

      Plaintiff,

      v.

MADERA COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

Case No. 1:23-cv-01754-JLT-FJS

ORDER RE: THIRD STIPULATED
REQUEST TO MODIFY
SCHEDULING ORDER TO EXTEND
FACT-DISCOVERY DEADLINE

(ECF No. 62)

Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through their respective counsel of record, stipulate and request to modify the January 7, 2026 Scheduling Order (ECF No. 54) to extend the deadline to complete fact discovery by two months. The current deadline to complete fact discovery is July 1, 2026. (ECF No. 54.) The parties seek to continue this deadline for about two months to September 4, 2026, the deadline to complete expert discovery. None of the remaining scheduling deadlines, including the trial date, will be affected by this stipulated request. Good cause exists to grant this stipulated request because, despite the parties' diligence, they will not be able to complete the needed deposition of third-party witness, Verna Falk, and may need to conduct additional fact discovery if the Court grants Plaintiff's pending motion for leave to amend the complaint to name additional Defendants. (*See* ECF No. 57.)

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id*. 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

This is the parties' third stipulated request to modify the scheduling deadlines set out in the Court's original June 10, 2025 Scheduling Conference Order. (ECF Nos. 35, 46, 53.) The parties seek to extend the deadline to complete fact discovery from the current deadline, July 1, 2027, to September 4, 2026, the deadline to complete expert discovery.

The parties have diligently conducted discovery in this matter. The parties have exchanged and responded to written discovery and produced pertinent documents. The parties have been deposed, and the depositions of a couple of third-party witnesses have been completed. Defendant Jimenez's attorney, Diana Esquivel, has for the past three months attempted, without success, to serve a deposition subpoena on Ms. Falk, who was one of the first witnesses at the scene of the vehicle collision at issue here and spoke with Plaintiff at the scene. She has relevant and pertinent information about Plaintiff's alleged injuries and statements he made shortly after the accident. Despite repeated attempts to serve Ms. Falk at her residence, the process server has been unsuccessful due to Ms. Falk traveling for work. Ms. Esquivel spoke to her in late May, and Ms. Falk agreed to submitting to a deposition but would not agree to accept service of the subpoena by mail or e-mail. When Ms. Esquivel subsequently called Ms. Falk to arrange for the process server to deliver the subpoena, Ms. Falk did not answer the call and is no longer returning Ms. Esquivel calls, voice messages, or texts. Therefore, defense counsel must resume efforts to

personally serve Ms. Falk.

In addition to seeking to depose Ms. Falk, Plaintiff's motion for leave to amend the complaint to name four additional Defendants is pending before the Court. On February 27, 2026, Plaintiff filed his motion for leave to amend. (ECF No. 57.) Defendant Jimenez opposed the motion; the County Defendants did not oppose it. (ECF No. 58.) The Court took the motion under submission without oral argument on April 10, 2026. (ECF No. 61.) If the Court grants the motion, Plaintiff will need time to depose the newly added Defendants and may need to conduct additional fact discovery.

No other scheduling deadlines will be affected by this request. For these reasons, good cause exists to grant this stipulated request.

IT IS SO STIPULATED.

Dated:  July 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
ASHLEY REYES
Deputy Attorneys General
*Attorneys for Defendant Jimenez*

Dated:  July 1, 2026

LAW OFFICES OF CHRISTIAN CONTRERAS
A PROFESSIONAL LAW CORPORATION

*/s/ Christian Contreras* (as authorized 7/1/26)

Christian Contreras, Esq.
*Attorneys for Plaintiff Douglas Cheslik*

Dated:  July 1, 2026

WEAKLEY & ARENDT
A PROFESSIONAL LAW CORPORATION

*/s/ Matthew P. Bunting* (as authorized 7/1/26)

James J. Arendt, Esq.
Matthew Peter Bunting, Esq.
*Attorneys for Defendant Madera County Sheriff's Department, et al.*

<u>ORDER</u>

Based on the stipulation of the parties (ECF No. 62) and good cause appearing, the parties' stipulated request to modify the January 7, 2026, scheduling order (ECF No. 54) to extend the fact-discovery deadline by two months is GRANTED.

<u>All fact discovery shall be completed no later than September 4, 2026.</u> All other dates and deadlines set in the January 7, 2026, scheduling order remain unchanged.

IT IS SO ORDERED.

Dated:   **July 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE